IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA ex rel.  )
ROBERT A. CUTLER,                  )
                                   )   NO. 3:21-cv-00748
       Plaintiff,                  )
                                   )   JUDGE RICHARDSON
v.                                 )
                                   )
CIGNA CORP. et al.,                )
                                   )
       Defendants.                 )

## ORDER

On August 5, 2022, counsel for Defendants filed a "Notice Regarding Citation" (Doc. No. 172, "Notice") which begins by explaining the background that provided the impetus for the Notice:

> The undersigned counsel submits this notice to address a concern the Court raised (Doc. No. 169 at 10 n.5) about quotations that appear on page 2 of Defendants' opposition to the government's motion to intervene, where counsel inadvertently omitted a citation for three phrases quoted in the sentence "Congress amended the FCA in 1986 to permit late intervention for good cause where, at a minimum, the government presents 'new and significant evidence' discovered after it decided not to intervene that 'escalates the magnitude or complexity of the fraud' and causes it 'to reevaluate its initial assessment.'" Doc. No. 161 at 2. The quoted language comes from the Senate Report accompanying the 1986 amendments to the FCA, as quoted later in Defendants' opposition. See Doc. No. 161 at 10 ("The Senate Report accompanying the 1986 amendments to the FCA, which introduced the precursor to § 3730(c)(3) allowing late intervention in specific circumstances, explains that this provision was added specifically to permit intervention in 'situations where new and significant evidence is found' that 'escalate[s] the magnitude or complexity of the fraud, causing the Government to reevaluate its initial assessment.' S. Rep. No. 99-345, at 26-27."). Counsel should have provided a citation to the Senate Report on page 2.

(*Id.* at 1-2).[1] Defendants then provide the substance of the Notice, which is in effect counsel's response to the concern the Court had expressed:

> As the Court rightly notes, the quoted language also appears in *United States v. Southeast Eye Specialists*, PLLC, No. 3:17-cv-689, 2020 WL 4431464, at *4 (M.D. Tenn. July 31, 2020) (quoting *U.S. ex rel. Hall v. Schwartzman*, 887 F. Supp. 60, 62 (E.D.N.Y. 1995) (quoting S. Rep. No. 99-345, at 26–27 (1986)) (subsequent history omitted), but not in the text of the False Claims Act ("FCA"). In relying on the language of the Senate Report, counsel did not intend to suggest that the source of the quoted language was the text of the FCA or Southeast Eye Specialists, but recognizes that the omission of any citation created a misimpression. Counsel apologizes for the confusion, which could have been avoided by an earlier citation to the correct source. And counsel takes to heart the Court's instruction to avoid any such issues in the future.

(*Id.* at 2). In response to counsel's statement here, the Court wishes to begin by expressing that it is no small thing to overtly criticize counsel, which the Court did here (albeit by reference only to "Defendants" and not counsel in particular). When a court (acting through, of course, a flesh-and-blood judge) does so, its criticism needs to be both accurate and fair; otherwise, the judge, who undeniably has something of a bully pulpit, risks acting like a bully.[2] Here, the Court is confident that its criticism was entirely accurate and fair because the applicable text as written (especially

---

[1] The Court's concern to which Defendants refers was expressed as follows:

> Defendants elsewhere likewise characterize this kind of "new and significant evidence" as a requirement, when they state that "Congress amended the FCA in 1986 to permit late intervention for good cause where, *at a minimum*, the government presents 'new and significant evidence' discovered after it decided not to intervene that 'escalates the magnitude and or complexity of the fraud' and causes it to 'reevaluate its initial assessment.'" (Doc. No. 161 at 2) (emphasis added). As just indicated (via the placement of three sets of internal quotation marks within the quotation marks), Defendants here placed three phrases in quotation marks, without any citation to what Defendants were quoting here. The Court gathers from later in Defendants' Response in Opposition that these phrases come from *Se. Eye Specialists*. But given how the quoted sentence began, one naturally would think that Defendants there were *quoting Congress—i.e.*, the applicable federal statute passed by Congress. But in fact, the applicable federal statute does not contain any of the phrases Defendants placed in quotation marks. This is misleading, whether intentionally or unintentionally so. Counsel should avoid doing likewise in the future.

(Doc. No. 169 at 10 n.5).

[2] Here, the Court means unjustifiably picking on someone who is not in a good position to defend himself or herself on the front end—which is one way to characterize the actions that make someone a bully.

given the use of quotation marks) undeniably conveyed an impression that is demonstrably misleading about the language of the FCA.

On the other hand, the rest of Defendants' briefing did not perpetuate this misimpression and in fact served (likely unintentionally, because as noted below Defendants presumably were not aware of the misimpression) to help correct the misimpression. And as the Court suggested when articulating its concern, it has not concluded that the misimpression was given intentionally. The Court is loath to presume bad intent on the part of counsel, and here Defendants' briefing as a whole does not suggest that the misleading was intentional.

Nevertheless, the undersigned believes that he needs to explicitly call out the kind of thing that happened here. So doing helps ensure that counsel are aware that the Court is scrutinizing briefing as it should, and it provides an opportunity for something of a teaching lesson that is well within the Court's prerogative to give in its role as supervisor of the practice of counsel before the Court. And the teaching points here appear to be simple. First, either include citations for quoted material or ensure that the context makes clear that no citation is actually required in the particular instance at hand. Second, avoid at all times being overly casual in drafting and reviewing briefs; here, the sentence at issue was drafted (and thereafter, presumably, reviewed) too casually, inasmuch as the text (included the quoted phrases) was not supported by the quoted material anyway.³ The undersigned is quite confident both that counsel knows these things and that in the

---

³ That is to say, contrary to Defendants' intentional or unintentional representation, it is misleading to state that "*Congress amended the FCA*" to "permit late intervention for good cause where, *at a minimum*, the government presents 'new and significant evidence' discovered after it decided not to intervene that 'escalates the magnitude and or complexity of the fraud' and causes it to 'reevaluate its initial assessment.'" (Doc. No. 161 at 2). The (false) representation is that in its 1986 amendments to the FCA, Congress included the quoted language to define the late-intervention standard.

The Court notes, as an aside, that it additionally has rejected the assertion that the upshot of the (very limited) language that Congress *did* include is that late intervention is authorized only if the government presents "'new and significant evidence' discovered after it decided not to intervene that 'escalates the magnitude and or complexity of the fraud' and causes it to 'reevaluate its initial assessment.'"

instant case, the drafting and reviewing did not conform to these fundamental principles. This was a mistake (and one worth mentioning), but fortunately not ultimately a material one—and thus one that could be addressed in a footnote.

The Notice perhaps could have been stronger in its expression of *mea culpas*. But in any event, counsel for Defendants at least acknowledged the issue and pledged to "take[ ] to heart" the Court's stated concern. From the undersigned's perspective, nothing further needs be said except to direct counsel on both sides—who very likely need no reminder in any event—to conduct themselves accordingly.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE