# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ROBERT A. CUTLER,<br><br>    Plaintiff,<br><br>  v.<br><br>CIGNA CORPORATION, CIGNA HOLDINGS, INC., CONNECTICUT GENERAL CORP., HEALTHSPRING, INC., NEW QUEST LLC, HEALTHSPRING LIFE & HEALTH INSURANCE COMPANY, INC., GULF QUEST LP, PHYSICIANS MANAGEMENT LLC, and ALEGIS CARE SERVICES, LLC,<br><br>    Defendants. | **Case No. 3:21-cv-00748**<br>**JUDGE RICHARDSON**<br>**MAGISTRATE JUDGE FRENSLEY** |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Intervenor,<br><br>  v.<br><br>THE CIGNA GROUP, BRAVO HEALTH MID-ATLANTIC, INC., BRAVO HEALTH PENNSYLVANIA, INC., CIGNA HEALTH & LIFE INS. CO., CIGNA HEALTHCARE OF CALIFORNIA, INC., CIGNA HEALTHCARE OF COLORADO, INC., CIGNA HEALTHCARE OF CONNECTICUT, INC., CIGNA HEALTHCARE OF GEORGIA, INC., CIGNA HEALTHCARE OF NORTH CAROLINA, INC., CIGNA HEALTHCARE OF SOUTH CAROLINA, INC., CIGNA HEALTHCARE OF ST. LOUIS, INC., HEALTHSPRING OF FLORIDA, INC., and HEALTHSPRING LIFE & HEALTH INS. CO.,<br><br>    Defendants. | **STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND RELATOR** |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between (i) plaintiff the United States of America (the "United States"), by its attorneys, Damian Williams, United States Attorney for the Southern District of New York, and Henry C. Leventis, United States Attorney for the Middle District of Tennessee; and (ii) relator Robert A. Cutler ("Relator," and, together with the United States, the "Parties"), through his counsel;

WHEREAS, on or about October 2, 2017, Relator filed a complaint in the U.S. District Court for the Southern District of New York under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Cigna Corporation and affiliates, alleging, *inter alia*, that they violated the FCA by submitting diagnosis codes to CMS for risk adjustment purposes that were identified in connection with home visits to Cigna beneficiaries by vendors retained by Cigna and were unsupported, inaccurate, or otherwise invalid, ECF Nos. 1, 94, and Relator has since filed three amended complaints in this action, ECF Nos. 12, 256, 264 (the "Relator's Action");

WHEREAS, on February 25, 2020, the Government notified the New York district court that it was declining to intervene with respect to certain of the claims and allegations in the Relator's Action but continuing to investigate others, *see* ECF No. 13;

WHEREAS, on August 3, 2020, the New York district court unsealed the case, ECF Nos. 11, 14;

WHEREAS, on December 4, 2020, the defendants named in the *qui tam* action moved to transfer this action to the U.S. District Court for the Middle District of Tennessee, ECF No. 71, and the New York district court granted the motion on September 29, 2021, ECF No. 127;

WHEREAS, on January 11, 2022, the Government filed a motion to partially intervene, ECF No. 157, and on August 2, 2022, the Court granted the Government's motion to intervene for good cause shown, ECF No. 170;

WHEREAS, on October 14, 2022, the Government filed its complaint-in-intervention, ECF No. 178 (the "Government Complaint"), alleging that, from January 1, 2012, through December 31, 2019, defendants the Cigna Group, Bravo Health Mid-Atlantic, Inc., Bravo Health Pennsylvania, Inc., Cigna Health & Life Ins. Co., Cigna Healthcare of California, Inc., Cigna Healthcare of Colorado, Inc., Cigna Healthcare of Connecticut, Inc., Cigna Healthcare of Georgia, Inc., Cigna Healthcare of North Carolina, Inc., Cigna Healthcare of South Carolina, Inc., Cigna Healthcare of St. Louis, Inc., Healthspring of Florida, Inc., and Healthspring Life & Health Ins. Co. (collectively "Cigna" or "Defendants") violated the FCA by knowingly submitting to CMS for risk adjustment purposes false and invalid diagnoses of serious, complex medical conditions that: (a) were based only on the home visits to Medicare Part C beneficiaries conducted by contracted health care providers; (b) required specific testing or imaging to be reliably diagnosed, which was not performed; and (c) were not reported to Cigna by any other healthcare provider who saw the beneficiary during the year in which the home visit occurred (the "Invalid Diagnoses"). The Government further alleges that the Invalid Diagnoses were not supported by the information documented on forms completed by the contracted providers and did not conform with the International Classification of Diseases Official Guidelines for Coding and Reporting, as required by applicable federal regulations. The Government further alleges that Cigna falsely certified on an annual basis that the diagnosis data it submitted to CMS was "accurate, complete, and truthful." As a result of the submission of the Invalid Diagnoses, the Government claims that Cigna obtained inflated risk adjustment payments from CMS to which it was not entitled. The

conduct described in this Paragraph is the "Covered Conduct" for purposes of this Relator Stipulation;

WHEREAS, on or about September 29, 2023, the United States, Defendants, and Relator entered into a Stipulation of Settlement and Dismissal (the "Settlement Agreement");

WHEREAS, pursuant to Paragraph 3 of the Settlement Agreement, Defendants agreed to pay the United States the total sum of $37,000,000, plus interest which shall be compounded annually at a rate of 3.875% accruing from September 19, 2023, to the date of the payment (the "Settlement Amount"), to resolve the claims of the United States for the Covered Conduct;

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(1), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below;

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1.    Contingent upon receipt by the United States of full payment due to the United States under Paragraph 3 of the Settlement Agreement, the United States will pay Relator, c/o The Swafford Law Firm, PLLC, as attorneys for Relator ("Relator's Counsel"), twenty-two percent (22%) of the payment of the Settlement Amount received from Defendants ($8,140,000 plus interest) in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the full the Settlement Amount. The obligation to make the payment to Relator under this Paragraph is expressly conditioned on,

4

and only arises with, the receipt by the United States of the payment of the Settlement Amount from Cigna as required by the Settlement Agreement. In the event that Cigna fails to pay the Settlement Amount as required by the Settlement Agreement, the United States shall have no obligation to make any payment to the Relator under this Relator Stipulation.

2.      Relator, for himself and his heirs, successors, attorneys, agents, and assigns, agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3.      In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases and is deemed to have released and forever discharged the United States and its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds of the Settlement Agreement pursuant to 31 U.S.C. § 3730 or other applicable law, and from any and all claims against the United States and its agencies, officers, employees, servants, and agents arising from or relating to the Settlement Agreement or any claim in the Relator's Action, as amended, or the Government Complaint.

4.      This Relator Stipulation does not resolve or in any manner affect any claims the United States has or may have against Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

5.      The United States and Relator agree that if the Settlement Agreement is held by a court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B),

5

this Relator Stipulation is null and void.

6. This Relator Stipulation shall inure to the benefit of and be binding only on the Parties, their successors, assigns, and heirs.

7. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

8. This Relator Stipulation constitutes the entire agreement of the Parties with respect to the subject matter of this Relator Stipulation and may not be changed, altered, or modified, except by a written agreement signed by the Parties specifically referring to this Relator Stipulation.

9. This Relator Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Middle District of Tennessee. For purposes of construing this Relator Stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Agreed to by:

**THE UNITED STATES OF AMERICA**

Dated: September 29, 2023

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____

PETER ARONOFF (pro hac vice)
JEAN-DAVID BARNEA (pro hac vice)
SAMUEL DOLINGER (pro hac vice)
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2679/2697/2677
peter.aronoff@usdoj.gov
jean-david.barnea@usdoj.gov
samuel.dolinger@usdoj.gov

Dated: September 29, 2023

HENRY C. LEVENTIS
United States Attorney for the
Middle District of Tennessee

By: Ellen Bowden by: Peter Aronoff
_____

ELLEN BOWDEN MCINTYRE
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Tel.: (615) 736-5151
ellen.bowden2@usdoj.gov

*Counsel for the United States*

7

**RELATOR ROBERT A. CUTLER**

Dated: September 29, 2023

_____
Robert A. Cutler

Dated: September 29, 2023

THE SWAFFORD LAW FIRM, PLLC

By: _____
Tara L. Swafford
W. Lee Maddux
Elizabeth G. Hart
321 Billingsly Court, Suite 19
Franklin, TN 37067
Tel.: (615) 599-8406
tara@swaffordlawfirm.com
lee@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Counsel for Relator*

SO ORDERED:

Dated: _____

_____
HON. ELI RICHARDSON
United States District Judge

8